Case 2:15-cv-00094   Document 21   Filed in TXSD on 11/03/15   Page 1 of 3
United States District Court
Southern District of Texas
**ENTERED**
November 03, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| COLBERT RITTGERS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-94 |
| | § | |
| UNITED STATES OF AMERICA, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On September 15, 2015, this Court issued its Order (D.E. 16) granting the United States of America's (Government's) motion to dismiss. Because that motion was not joined by the Honorable John McHugh, Secretary, Department of the Army (Army), the Court did not extend its order of dismissal to claims asserted against the Army. Now before the Court is the Army's "Motion to Dismiss Complaint for Lack of Jurisdiction under Fed. R. Civ. P. 12(b)(1) and for Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6)" (D.E. 17). Also pending is Plaintiff's "Motion for Leave to File Second Amended Original Complaint" (D.E. 20). For the reasons set out below, the Court DENIES Plaintiff's motion for leave to amend (D.E. 20) and GRANTS the Army's motion to dismiss (D.E. 17).

## DISCUSSION

Plaintiff Colbert Rittgers (Rittgers) asserted his claims against the Government and the Army without distinguishing the facts or theories of liability between the two Defendants. Amended Complaint, D.E. 3. The Army now seeks dismissal of those

claims for the same reasons that this Court dismissed the claims against the Government. Rittgers defends against the motion to dismiss, arguing that his unique factual scenario requires a different result and he seeks to amend his complaint, adding three additional paragraphs that describe his administrative appeal of the June 17, 2012 decision to suspend him and ultimately remove him from his employment.

Nothing in Rittgers' proposed amended complaint (D.E. 20-1) would require a different result from that set out in the Court's previous Order (D.E. 16), which is incorporated herein by reference. Rittgers' new allegations still reflect that the alleged wrongful acts occurred, and he was aware of them, prior to February 20, 2013. While Rittgers now seeks to cast his damages as loss of his Army job and the compensation he would have earned—a loss that was not final until the Merit System Protection Board's ruling of August 21, 2013—that argument does not correspond to the legal theories on which he sues.

The basis for liability pursuant to the theories Rittgers alleges is that the charges made against him or the information gathered by the investigation into the child pornography allegedly found on his computer space was disseminated outside the bounds of any necessary investigation, causing collateral damage to his reputation and ability to find work elsewhere. He does not allege wrongful termination of his Army employment, even in his proposed second amended complaint. The Court's determination of the accrual of his causes of action and their limitations bar remains the same.

The Army further asserts, and Rittgers does not contest, that the Army is not a proper party and this Court does not have jurisdiction over any claim against it under the

Federal Tort Claims Act (FTCA).  28 U.S.C. §§ 2671, 2679(a), (b)(1) (providing that FTCA does not authorize suits against federal agencies, and FTCA remedy is exclusive with respect to injuries caused by federal employees acting within the scope of their employment); *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988).  The Court dismisses all claims under the FTCA asserted against the Army for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

## CONCLUSION

For the reasons set out above, the Court DENIES Rittgers' motion for leave to amend (D.E. 20) and GRANTS the Army's motion to dismiss (D.E. 17) under Rule 12(b)(1) with respect to the FTCA claims and for the reasons set out in this Court's previous Order (D.E. 16).

ORDERED this 3rd day of November, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE